LYON v. BOSTON & M. R. CO.

(Circuit Court, D. Vermont. March 11, 1901.)

1. ADMINISTRATORS—RECOVERY FOR INTESTATE'S DEATH—STATUTE AUTHORIZ-ING—CONSTRUCTION—NEW RIGHT OF ACTION.

Pub. St. N. H. 1901, c. 191, §§ 8–12, authorizing an administrator to recover for injuries resulting in the death of his intestate, do not create a new right of action in the administrator, but keep alive a former right in his intestate.

2. SAME—SURVIVAL OF CAUSE OF ACTION.

Though a cause of action for the death of an intestate, which survives to his administrator under the New Hampshire statute (Pub. St. 1901, c. 191, §§ 8–12), is transitory, the survival is wholly where the right is, and local, and, the right to sue arising wholly in that state where the accident causing death occurred, it is not carried by the statute to a Vermont administrator of the decedent, endeavoring to sue defendant in the latter state.

At Law.

Thomas W. Moloney and Fred M. Butler, for plaintiff.
W. B. C. Stickney and Geo. A. Weston, for defendant.

WHEELER, District Judge. The law of New Hampshire provides (Pub. St. 1901, c. 191):

"Sec. 8. That actions of tort for physical injuries to the person, and the causes of such actions shall survive to the extent, and subject to the limitations set forth in the five following sections, and not otherwise.

"Sec. 9. If such an action is pending at the time of the decease of one of the parties, it shall abate and be forever barred, unless the administrator of the deceased party, if the deceased was plaintiff, shall appear and assume the prosecution of the action before the end of the second term after the decease of such party, or if the deceased party was defendant, unless the plaintiff shall procure a scire facias to be issued to the administrator of the deceased party before the end of the second term after the original grant of administration upon his estate.

"Sec. 10. If an action is not then pending and has not already become barred by the statute of limitations one may be brought for such cause at any time within two years after the death of the deceased party, and not afterwards.

"Sec. 11. The damages recoverable in any such action shall not exceed seven thousand dollars.

"Sec. 12. If the administrator of the deceased party is plaintiff and the death of such party was caused by the injury complained of in the action, the mental and physical pain suffered by him in consequence of the injury, the reasonable expenses occasioned to his estate by the injury, the probable duration of his life but for the injury, and his capacity to earn money, may be considered as elements of damage in connection with other elements allowed by law.

"Sec. 13. In such case the damages recovered, less the expenses of recovery, shall belong and be distributed as follows: (1) To the widow or widower of the deceased, one-half thereof; and to the children of the deceased the other half in equal shares. (2) If there be no child, to the widow or widower, the whole thereof. (3) If there be no child and no widow or widower, to the heirs at law of the deceased according to the laws of distribution."

The plaintiff is administrator in Vermont.

This action is brought upon this statute for causing the death of James Baldassare, the plaintiff's intestate, by negligence, at Walpole, in New Hampshire. The declaration is demurred to, principally, for want of any cause of action accrued, as alleged, to the plaintiff. The creation and survival of actions and rights of action, rules of damages, and of descents and distributions, are subjects of the municipal laws of the states. Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969. This statute does not create a new right of action in the administrator, but keeps alive a former one of the intestate, with enlarged and remedial damages. Legg v. Britton, 64 Vt. 652, 24 Atl. 1016. If the statute had given a new cause of action to the administrator, it would have been transitory, and could have been brought wherever jurisdiction of the defendant could be had. Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Stewart v. Railroad Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; McCarty v. Railroad Co. (C. C.) 62 Fed. 437. But, as this cause of action can come to an administrator by survival only, the administrator must be such a one as it would survive to. 8 Am. & Eng. Enc. Law (2d Ed.) "Death by Wrongful Act," p. 9. If the intestate had lived, and had brought an action for his injury in Vermont, and had died, the cause of action would have survived there as well as in New Hampshire (V. S. § 2448); but, as he had not brought any action in Vermont, there was nothing in that state to survive, and the cause of action remained in New Hampshire, subject wholly to the laws of that state as to survival. Although the cause of action was transitory, the survival is wholly where the right is, and local, and the right of action, arising wholly in New Hampshire, would not be carried by a New Hampshire law to a Vermont administrator. A survival at common law exists where the right is, and not in other jurisdictions. Purple v. Whithed, 49 Vt. 187. As the plaintiff does not appear to have any right of action accruing or arising to him, the demurrer must be sustained, although the right may come to some other administrator. Demurrer sustained.