### STOCKWELL v. BOSTON & M. R. CO.

(Circuit Court, D. Vermont. July 11, 1904.)

1. FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—AMENDMENT OF RECORD.

Where a demurrer to a declaration in a federal court was sustained because of an insufficient averment of diversity of citizenship on which jurisdiction depended, plaintiff was entitled to amend the writ to show diversity of citizenship according to the fact.

2. WRONGFUL DEATH—TRANSITORY CAUSE OF ACTION—ACCRUAL—PLACE.

Where intestate was domiciled in Vermont at the time he was killed in New Hampshire, the cause of action for his alleged wrongful death accrued to him in Vermont, and not in New Hampshire.

3. SAME—SURVIVAL OF ACTION.

A cause of action for wrongful death would not survive, as authorized by Pub. St. N. H. 1901, c. 191, in any place where an administrator should be appointed merely for the purpose of recovering damages for such wrongful death as an asset of decedent's estate, but survived only in the state where deceased had his domicile at the time of his death, where the cause of action accrued.

At Law.

Clarke C. Fitts, for plaintiff.
Wm. B. C. Stickney, for defendant.

WHEELER, District Judge. As the writ has been amended according to the fact, which is allowable in such cases, the plaintiff now stands as a citizen of this state, and this court has now jurisdiction to consider the cause of action set up in the declaration as challenged by the demurrer.

The intestate was domiciled in Vermont, and, although he was killed in New Hampshire, here is the place where transitory causes of action would accrue to him and survive, if by law survivable. The action is for causing his death, and by the statute of New Hampshire is made to survive for the benefit of the widow and of the children, if any; but the statute does not provide to what personal representative the cause

¶ 1. Averments of citizenship to show jurisdiction in federal courts, see note to Shipp v. Williams, 10 C. C. A. 261.

of action shall survive. That is left to the operation of general law. Pub. St. N. H. 1901, c. 191. It would not survive in any place where an administrator should be appointed merely for recovering this liability as an asset. Lyon v. Boston & M. Railroad Co. (C. C.) 107 Fed. 386. As no cause of action would accrue to the deceased in such a jurisdiction, there would be none to survive; but wherever it should accrue to him, there it would be to survive. Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Stewart v. Baltimore & Ohio Railroad Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537. The right of action seems by the statute to be intended to survive where it would accrue to the deceased, which would be at the place of his domicile and principal administration, which is here; and the plaintiff seems to be his personal representative here, to whom it would survive if it existed.

Demurrer overruled.