## BALTIMORE & O. R. CO. v. EVANS.

### (Circuit Court of Appeals, Third Circuit. June 9, 1911.)

### No. 11.

1. EXECUTORS AND ADMINISTRATORS (§ 518\*)—PRIMARY ADMINISTRATION—DOMICILE OF DECEDENT.

    A domiciliary administration is the primary and controlling one, and any other is treated as ancillary, and generally subordinate thereto.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2299–2309; Dec. Dig. § 518.\*]

2. DEATH (§ 31\*)—RIGHT OF ACTION FOR WRONGFUL DEATH—WEST VIRGINIA STATUTE—RELEASE BY ANCILLARY ADMINISTRATOR.

    Under Code W. Va. 1906, c. 103, § 6, which provides that an action for wrongful death "shall be brought by and in the name of the personal representative of such deceased person, and the amount recovered in every such action shall be distributed to the parties and in the proportion provided by law in relation to the distribution of personal estate left by persons dying intestate," the administrator in such an action is a mere formal party, suing on behalf of the real parties in interest, who are the widow and children of the deceased; and when an administrator has been appointed in another state, where decedent has his domicile, the right of action vests in him, and cannot be defeated by a release executed by an administrator subsequently appointed in West Virginia.

    [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 38, 39; Dec. Dig. § 31.\*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action at law by Bertha M. Evans, administratrix, against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

McCleave & Cecil, for plaintiff in error.

Frank W. Guffey and J. M. Stoner, for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Mrs. Bertha M. Evans, administratrix of Daniel D. Evans, recovered a verdict against the Baltimore & Ohio Railroad Company for damages caused by the latter's negligence, whereby the decedent was killed. On entry of judgment thereon, the railroad sued out this writ.

The decedent, while working for the defendant, on December 22, 1906, was killed in the state of West Virginia. By virtue of a statute of that state (Code of 1906, c. 103, § 6), the right of action herein sued upon was created. That statute provided:

"Every such action shall be brought by and in the name of the personal representative of such deceased person; and the amount recovered in every such action shall be distributed to the parties and in the proportion provided by law in relation to the distribution of personal estate left by persons dying intestate."

Evans left to survive him a widow and three minor children. His domicile was in Fayette county, Pa., and on January 7, 1907, letters of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

administration upon his estate were duly granted by the register of that county to the plaintiff. On the trial of the cause the plaintiff gave evidence tending to show that the negligence of the defendant caused the decedent's death while he was working for it in West Virginia, his earning capacity, and that he had left a widow and minor children. The defendant on its part sought to defeat the action, inter alia, by virtue of a release of the right of action, executed by one M. H. Zinn, as administrator of the decedent, who was appointed such on February 25, 1907, by the county court of Marion county, W. Va. At the close of the testimony the court refused the defendant's third point, which asked the court to charge:

"That [M. H. Zinn], the said personal representative of D. D. Evans, deceased, by virtue of his appointment, was invested with full power to prosecute, compromise, release, or refuse to prosecute the alleged claim against the Baltimore & Ohio Railroad Company on behalf of the widow and children of said decedent upon such terms or as he might deem best, and his act in compromising or releasing or refusing to prosecute the alleged claim against the Baltimore & Ohio Railroad Company on account of the death of the said decedent is binding upon the beneficiaries of such claim until by appropriate judicial proceedings and upon sufficient ground such release, compromise, or settlement of said claim is annulled and made void"

and its fifth point, asking for binding instructions in its favor. Subsequently the court denied defendant's motion for judgment non obstante veredicto, and its action in so doing is assigned for error.

After argument and due consideration, we think the court committed no error. As we have seen, the statute of West Virginia which created the right of action did not confer its benefits upon Daniel Evans' estate, but on his widow and minor children. The domicile of Evans being in Pennsylvania, and letters of administration being duly granted therein to the plaintiff, a right of action for the enforcement of the liability created by the West Virginia statute was vested in the Pennsylvania administratrix. Dennick v. Railroad Company, 103 U. S. 11, 26 L. Ed. 439. But toward a suit brought by an administrator to enforce this statutory right it will be observed such administrator has a different status from that of an administrator who is suing as representative of an estate. In the former case he is a mere formal party, and the real parties in interest are the widow and minor children. Thus, under a statute of New Jersey substantially the same as that of West Virginia it has been held by the courts of the former state—Pisano v. Shanley, 66 N. J. Law, 1, 48 Atl. 618—that the statutory suit is brought—

"for the benefit of the widow and next of kin, and is a suit wholly for the benefit of those persons. Cooper v. Shore Electric Company, 63 N. J. Law, 558, 44 Atl. 633. The administrator upon the record, whoever he is, is a formal party for the maintenance of the action."

[1] Now, the formal requirements of the act having been complied with by the widow and heirs, causing a suit to be brought in their interests by an administrator duly appointed in the decedent's domicile, the pertinent question arises: What authority had an administrator, appointed in West Virginia after the domiciliary appointment in Pennsylvania, to release the claim of such widow and children and

defeat their action? That a domiciliary administration is the primary and controlling one, and that any other is treated as ancillary and generally subordinate thereto, is a recognized principle. Woerner on Executors and Administrators, p. 360; Wilkins v. Ellett, Adm'r, 76 U. S. 740, 19 L. Ed. 586; Luce v. Railroad, 63 N. H. 588, 3 Atl. 618; Pisano v. Shanley, supra; Harvey v. Richards, 1 Mason, 381, Fed. Cas. No. 6,184. Indeed, in a late case arising under the New Jersey statute it was held by the Supreme Court of Pennsylvania—Boulden v. Penna. R. R. Co., 205 Pa. 264, 54 Atl. 906—that a domiciliary administrator appointed in New Jersey could maintain such an action in Pennsylvania and the appointment of an ancillary administrator was not necessary.

[2] The right of action in the present case being vested in the domiciliary administrator, and the parties in interest being the widow and minor children of the decedent, it follows that the release of the right of action by an administrator subsequently appointed in West Virginia cannot avail to extinguish such right. The court below, therefore, rightly held that such release of the ancillary West Virginia administrator would not avail to defeat an action brought by the domiciliary administrator.

This conclusion renders unnecessary a discussion in this opinion of the question involved in an equity case (infra) wherein the court below set aside such release, and which we decide simultaneously with the present case.

The judgment of the court below in the present action is affirmed.