### BALTIMORE & O. R. CO. v. EVANS.

(Circuit Court of Appeals, Third Circuit. June 9, 1911.)

#### No. 12.

CANCELLATION OF INSTRUMENTS (§ 4*)—RIGHT TO CANCELLATION—RELEASE.

> A release of all claims arising out of the death of a railroad employé, given to the railroad company and signed by the widow of such employé and an ancillary administrator, for which no consideration was received, *held* properly canceled at suit of the widow.

> [Ed. Note.—For other cases, see Cancellation of Instruments, Dec. Dig. § 4.*]

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Suit in equity by Bertha M. Evans against the Baltimore & Ohio Railroad Company. Decree for complainant, and defendant appeals. Affirmed.

McCleave & Cecil (William B. Linn, of counsel), for appellant.
Frank W. Guffey and J. M. Stoner, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Mrs. Bertha M. Evans, a citizen of Pennsylvania, filed a bill in equity against the

Baltimore & Ohio Railroad Company, a corporation of Maryland, praying to set aside, as to her, a certain instrument of release signed by her and by M. H. Zinn, administrator of Daniel D. Evans by appointment in West Virginia. On hearing the court below decreed cancellation as prayed for, whereupon the railroad appealed to this court.

The general facts pertinent to the case are recited in an opinion simultaneously filed in an action at law between Bertha M. Evans, administrator of Daniel D. Evans, and the Baltimore & Ohio Railroad Company, at No. 11, March term, 1911, and to which reference is made. 188 Fed. 6. In the present case it appears that Daniel D. Evans, a brakeman in the employ of the railroad, was killed in its service. He was a contributor to the relief fund of that railroad, and on his death his widow, Mrs. Bertha M. Evans, became entitled as his sole beneficiary to receive $1,000 from such fund. Mrs. Evans took out letters of administration in Fayette county, Pa., but for some reason the railroad required that additional letters be taken out in West Virginia, where Evans had been killed, and that the release in question, which had been signed by Mrs. Evans, the beneficiary, should also be executed by the West Virginia administrator. Mrs. Evans seems to have acceded to that request, and went to West Virginia to herself take out such letters, although she expressly insisted at the time, under the advice of counsel, that under the provisions of the employer's liability act, which had not yet been held unconstitutional by the Supreme Court, she intended to bring suit for damages, and that the release desired would not preclude her from so doing. When she went to West Virginia, it was found that letters could not be issued to a nonresident. Letters were therefore taken out there by one Zinn, an employé of the railroad.

While Mrs. Evans had signed the release, not as administratrix, but as widow and beneficiary, and it was in possession of the railroad, she has received no part of the $1,000 of relief funds. Subsequent to the appointment of Zinn as administrator, he signed the release in question, by which he not only receipted for and released the $1,000 under the relief fund, but acknowledged its receipt as "in full satisfaction and discharge of all claims or demands on account of or arising from the death of said deceased." At the time of executing said instrument Zinn received no consideration for decedent's estate, or for the widow or minor children of the decedent, who, under the West Virginia statute, were the beneficiaries in a claim for damages against the railroad for negligence in causing the death of Daniel Evans. Mrs. Evans, as domiciliary administrator, brought suit on such claim, and, having thereafter learned that Zinn had signed this release as administrator, tendered to the railroad the funeral expenses of her husband, which the railroad had voluntarily paid, and which it seems Mrs. Evans was to reimburse from the relief fund. She then filed the bill to cancel the release as to her. On final hearing the court decreed such cancellation.

The bill was evidently filed as a precautionary measure, lest the release might defeat her action at law. Such, however, was not its

effect, as we have shown in the opinion in that case. The question in this equity case, therefore, becomes academic; for its disposition can in no way affect the rights of the parties. Treating the case, however, as one material to the determination of the rights of the parties, we are not satisfied the court committed any error in the conclusion it reached.

In view of the fact that the question has now become of no moment in determining the law case, we refrain from a discussion of the grounds leading to that conclusion, and content ourselves with simply stating our conclusion, which is that the decree below should be affirmed.