WORRELL v. KEMMERER et al.

(Circuit Court of Appeals, Third Circuit. January 25, 1912.)

No. 72 (1,552).

JUDGMENT (§ 654*)—RES JUDICATA—DISMISSAL FOR FAILURE OF PROOF.

Where a bill by a bankrupt's trustee to compel a reconveyance of certain property, alleging that the property was preferentially conveyed to the defendants by the bankrupt within four months of adjudication, but which did not allege that the individual partners, as well as the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

firm, were insolvent, was dismissed because of complainant's failure to prove that the individual partners, as well as the firm, were insolvent, such issue being necessarily involved, the judgment constituted a bar to a subsequent action by the trustee for the same relief, based on a new bill alleging both the insolvency of the firm and the individual partners.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 654.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Bill by Hibberd B. Worrell, as trustee of the estate of Joseph R. Claussen and William H. Claussen, individually and as copartners trading as J. R. Claussen & Son, bankrupts, against Mahlon S. Kemmerer and others, copartners trading as Whitney & Kemmerer, and another. From a decree (185 Fed. 1002) dismissing the bill, complainant appeals. Affirmed.

George W. Harkins, Jr. (E. O. Michener, on the brief), for appellant.

John Arthur Brown (Henry P. Brown, on the brief), for appellees.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. This is an appeal from the decree of the court below, dismissing the bill of complaint of the appellant, who, as trustee in bankruptcy, sought in his bill to compel a reconveyance of a house and second mortgage that were said to have been preferentially conveyed to the defendants within four months of the adjudication, and while the bankrupt firm and the individual members thereof were insolvent. The bankrupts were members of a partnership and filed a voluntary petition, both as a firm and as individuals, on May 22, 1907. The conveyance attacked was a partnership property and was made on March 22d. The court below dismissed the bill, on the ground that, in a former decree of the same court, in a case in which a bill was filed by the same complainant against the same defendants, setting forth the same controversy, upon the same facts and alleging the same grounds on which a reconveyance of the same property now sought by the bill to be reconveyed, was demanded, the court below had decided the case on the merits against the complainant, and dismissed the bill, upon the ground that, though the firm as an entity was proved to be insolvent, there was an entire failure to prove that the individual members were also insolvent.

In the former case, the bill alleged the insolvency of the firm at the time of the conveyance, without alleging the insolvency of the individual partners. The second or present bill was precisely like the first, except that, in addition to the insolvency of the firm, it also alleged the insolvency of the individual members. But it was just as necessary in the first case as in the latter to prove the insolvency of the individual members of the firm, as well as of the firm, at the time of the alleged preferential conveyance. The learned judge of the court below, in his opinion, says, with reference to the former action,

"that the case has once been actually heard and determined on the merits. In that proceeding, the plaintiff was bound to show that the bankrupt firm

was insolvent when the alleged preferential transfer was made. Upon that issue, he offered some testimony but did not offer enough. He proved that the firm, as an entity, was insolvent, but he failed to prove that the individual members were also insolvent, and for that reason alone the court decided against him. * * * In other words, it was essential to plaintiff's success that he should prove the complete insolvency of the bankrupt firm. He proved it partially, but not completely, and for this lack of proof, the bill was dismissed. In my opinion, this was final upon that point, and the former decree is therefore a bar to the present action."

The appellant brought this the second suit, and filed the second bill on the theory that, in the former case, the decision was not upon the merits, because, as he says, it

"was based entirely upon the lack of testimony as to the insolvency of the individual members of the firm, which was not an issue raised and considered under the first bill."

The mistake of the appellant is in his conception that, because no evidence was adduced on this vital point, the decision of the court below was not on the merits. The determination of a court, that a bill must be dismissed because the complainant has failed to support the existence of a fact necessary to its success, by *any* evidence, is just as much upon the merits as if the testimony on that point had been adduced and pronounced insufficient by the court. The solvency or insolvency of the individual members of the firm was necessarily an issue raised under the first bill.

As said by the court below, the decision was not based upon any defect in the pleadings, or upon lack of jurisdiction, or upon the existence of an adequate remedy at law, or upon any other ground that might be described as technical, but was solely upon one branch of the merits of the case, and was made without any reservation of the rights of the complainant.

The decree of the court below is therefore affirmed.