DELAWARE, L. & W. R. CO. v. TROXELL.

(Circuit Court of Appeals, Third Circuit. November 6, 1912.)

No. 1,623.

1. JUDGMENT (§ 585*)—RES JUDICATA—IDENTITY OF ISSUES.

   An action against a railroad company to recover for the death of an employé, which occurred after the passage of Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), where the facts pleaded brought the case within the purview of such act, was necessarily governed thereby, although recovery was erroneously sought under the state law which it superseded, and a judgment on the merits in such action is a bar to a second suit based on the same facts to recover under the federal statute.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1097, 1132; Dec. Dig. § 585.*

   Conclusiveness of judgment as dependent on theory of action or recovery, see note to Millie Iron Mining Co. v. McKinney, 96 C. C. A. 163.]

2. JUDGMENT (§ 590*)—RES JUDICATA—MATTERS CONCLUDED.

   Where a plaintiff alleges two grounds of recovery, which are put in issue, the judgment renders both res judicata, although one is abandoned on the trial.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1035, 1063, 1064, 1102–1106; Dec. Dig. § 590.*]

3. JUDGMENT (§ 670*)—RES JUDICATA—IDENTITY OF PARTIES.

   A judgment on the merits in an action against a railroad company to recover for the death of an employé, brought by his widow for the benefit of herself and children, is a bar to a second suit brought by the same plaintiff as administratrix, based on Employer's Liability Act April 22, 1908, c. 149, § 1, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), under which a recovery would be for the benefit of the same persons; the parties to the two actions being essentially the same.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1045; Dec. Dig. § 670.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; James B. Holland, Judge.

Action at law by Lizzie M. Troxell, administratrix of the estate of Joseph Daniel Troxell, deceased, against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

See, also, 180 Fed. 871; 183 Fed. 373, 105 C. C. A. 593; 185 Fed. 540.

Paul Freeman, of Philadelphia, Daniel R. Reese and J. Hayden Oliver, both of Scranton, and James F. Campbell, of Philadelphia, for plaintiff in error.

George Demming, of Philadelphia, for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. The plaintiff's husband was a fireman in the company's service, and the injury complained of is his death in July, 1909, while at work on a train that was engaged in

commerce among the states. This is the second suit; the first having also been brought in the (present) District Court for the Eastern District of Pennsylvania. The cause of action set up, both then and now, is:

"The negligence, carelessness, and oversight of said defendant, and its failure to supply and keep in good efficient condition proper, necessary, and safe devices, instruments, and apparatus [whereby] said locomotive and train came into violent collision with several loose and runaway cars, causing a wreck, whereby and wherein said Joseph Daniel Troxell lost his life."

[1] In the first suit the plaintiff recovered a judgment, but this court reversed it (Railroad Co. v. Troxell, 183 Fed. 373, 105 C. C. A. 593), and directed judgment to be entered for the company. The plaintiff then was Lizzie M. Troxell, suing as an individual, but in behalf of herself and their two children; and after her failure to recover she took out letters of administration and brought the suit that is now before us. She recovered a second judgment, and the company is again before this court, setting out numerous assignments of error to the conduct of the trial. We shall not consider them in detail. In our opinion the rule of res judicata applies, and requires judgment to be entered for the defendant.

When the first suit came on for trial, the scope of the Employer's Liability Act of 1908 had not been passed upon by the Supreme Court, and the Circuit Court did not have the benefit of the elaborate opinion delivered in the several cases reported in 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327. Among the points there decided is this:

"True, prior to the present act, the laws of the several states were regarded as determinative of the liability of employers engaged in interstate commerce for injuries received by their employés while engaged in such commerce. But that was because Congress, although empowered to regulate that subject, had not acted thereon, and because the subject is one which falls within the police power of the states in the absence of action by Congress. Sherlock v. Alling, 93 U. S. 99 [23 L. Ed. 819]; Smith v. Alabama, 124 U. S. 465, 473, 480, 482 [8 Sup. Ct. 564, 31 L. Ed. 508]; Nashville, etc., Railway v. Alabama, 128 U. S. 96, 99 [9 Sup. Ct. 28, 32 L. Ed. 352]; Reid v. Colorado, 187 U. S. 137, 146 [23 Sup. Ct. 92, 47 L. Ed. 108]. The inaction of Congress, however, in no wise affected its power over the subject. The Lottawanna, 21 Wall. 558, 581 [22 L. Ed. 654]; Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 215 [5 Sup. Ct. 826, 29 L. Ed. 158]. And now that Congress has acted, the laws of the states, in so far as they cover the same field, are superseded, for necessarily that which is not supreme must yield to that which is. Gulf, Colorado & Santa Fé Railway Co. v. Hefley, 158 U. S. 98, 104 [15 Sup. Ct. 802, 39 L. Ed. 910]; Southern Railway Co. v. Reid, 222 U. S. 424 [32 Sup. Ct. 140, 56 L. Ed. 257]; Northern Pacific Railway Co. v. Washington, 222 U. S. 370 [32 Sup. Ct. 160, 56 L. Ed. 237]." Second Employers' Liability Cases, 223 U. S. 54, 32 Sup. Ct. 177, 56 L. Ed. 327.

It follows that the first suit was governed, not by the law of Pennsylvania, but by the act of Congress; and, indeed, the statement of claim was evidently drawn from that point of view. It averred (and the present statement also avers) that:

"On or about the 21st day of July, 1909, said Joseph Daniel Troxell, the husband of said widow, Lizzie M. Troxell, was employed by said defendant corporation in the capacity of fireman on a locomotive, pulling and hauling one of said defendant's trains, carrying interstate and foreign commerce and traffic, and on and about the cars, tracks, roadbed, and right of way used

and employed by said defendant in its interstate and foreign commerce and traffic, on and about the Bangor & Portland Railroad Company, owned, controlled, operated, and directed by said defendant, at and near the town of Belfast, Northampton county, Pennsylvania."

[2] It is true that, after the evidence had all been heard at the first trial, her counsel attempted to limit the ground of the plaintiff's claim, evidently supposing that he could abandon the act of Congress, and stand upon her former rights under the law of Pennsylvania. The reason for this effort does not concern us, but it was necessarily ineffective; for it is clear that the act of Congress had superseded the law of the state in this class of cases, and that the plaintiff could not rely on a law that had ceased to govern litigation brought to redress injuries suffered in interstate commerce. Evidence had been offered to prove negligence of two kinds: First, the absence of a derailing switch at the opening of Albion siding No. 2; and, second, the failure of Troxell's fellow servants to use care in securing the cars upon the siding by the use of brakes and blocks. The plaintiff decided to abandon the second charge—which would have been unavailable under the law of the state—although the act of Congress allowed her to prove and rely upon both averments. Both were embraced in the very general language of her statement of claim, and she had offered evidence in support of both. In this suit she abandons the first charge and is relying wholly upon the second; but it is plain, we think, that she could not confine the first action to the failure to provide a derailing switch, while she held in reserve as the ground of a second suit the failure properly to secure the cars. It is not necessary to discuss this well known rule. Lim Jew v. U. S. (C. C. A.) 196 Fed. 736. She is merely offering more evidence now to prove certain facts that she might have proved, but came short of proving, at the former trial. Worrell v. Kemmerer, 192 Fed. 911, 114 C. C. A. 351; s. c. (D. C.) 185 Fed. 1002.

[3] If, therefore, the suit now before us is between the same parties, it is based upon the same cause of action, and the rule of res judicata must be applied. In our opinion, the parties are essentially the same. It is true that in form the first action was brought by Lizzie Troxell as an individual; but the statement of claim shows it to have been on behalf of herself and the two children, both of them minors. The company did not object to the form of the suit; but we cannot doubt that, if objection had been made, the court would have allowed an amendment, so as to put her upon the record as administratrix. The statement of claim in the present action is identical with the statement in the first, except that she now sues as administratrix; but she again avers (as she did before) that she brings the action for the benefit of herself and the children. Save in mere form, both actions are for the sole benefit of the same persons, and we think the proposition that the parties do not differ cannot be made clearer by elaboration. It is true that, in the ordinary case of a suit brought by an administrator, he represents the estate, and, of course, he is then suing for the benefit of creditors, as well as for the next of kin. But this is not the ordinary case. The persons for whose benefit recovery may be had are expressly pointed out by the

act of Congress, so that an administrator, suing under the act, does not sue for the estate, but solely for the persons named. Where (as here) it otherwise appears that the proper beneficiaries are the only persons interested in the action, the omission to sue as administrator is a technical omission only, curable by amendment. The substance of the action is that the surviving parent and the children (or the other persons named in the act) are suing, since they, and they only, are entitled to the benefit of the judgment. R. R. Co. v. Evans, 188 Fed. 6, 110 C. C. A. 156. This being so, it seems to us that the two actions are identical in all essential particulars, and that the second suit cannot be maintained.

The judgment is therefore reversed, with directions to the District Court to enter judgment for the defendant.