## ANDERSON v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Sixth Circuit. February 3, 1914.)

No. 2,392.

1. DEATH (§ 31*)—ACTIONS FOR CAUSING—PERSONS ENTITLED TO SUE—ANCILLARY ADMINISTRATOR.

The federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), making railroad companies liable in damages for the death of an employé to his personal representative for the benefit of his surviving widow and children, does not vest the right of action solely in the administrator appointed in the state of the deceased employé's domicile, and the action may be maintained by an ancillary administrator appointed in another state in view of the remedial character of the statute, and the representative character of the suit authorized, especially where the ancillary administrator is appointed in the state where the death occurred and where the suit is brought and prosecuted with the approval of the domiciliary administratrix who is also the principal beneficiary.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35, 37–46, 48; Dec. Dig. § 31.*]

2. EXECUTORS AND ADMINISTRATORS (§ 519*) — ANCILLARY ADMINISTRATION — POWERS OF ANCILLARY ADMINISTRATOR.

No privity exists between a domiciliary and an ancillary administrator, and within the respective states of their appointment the authority of each is paramount to that of the other.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2310–2322; Dec. Dig. § 519.*]

3. DEATH (§ 36*) — ACTIONS FOR CAUSING—VENUE — LOCAL AND TRANSITORY ACTIONS.

An action for the wrongful death of an employé, brought by his administrator under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), is not local but transitory.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 51; Dec. Dig. § 36.*]

4. DEATH (§ 101*)—ACTIONS FOR CAUSING—DAMAGES—DISTRIBUTION.

Under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), making railroad companies liable in damages for the wrongful death of employés to the employé's personal representative for the benefit of the surviving widow and children, the court in which suit is brought by the administrator having control of the plaintiff can compel distribution of the amount recovered according to the terms of the statute, and thus protect defendant against the claims of every one else, including the beneficiaries.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 132–140; Dec. Dig. § 101.*]

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action by W. K. Anderson, administrator of Ray Farmer, deceased, against the Louisville & Nashville Railroad Company. To review a judgment of dismissal, plaintiff brings error. Reversed and remanded.

Plaintiff's decedent, Ray Farmer, was in the employ of the railroad company as a brakeman on its line between Etowah, Tenn., and Corbin, Ky. He was a resident of Whitley county, Ky., and the railroad company is a cor-

poration of that state. January 1, 1909, Farmer was killed in the yards of the company at Knoxville; and on the 5th of the month, his widow, Sallie Farmer, was appointed in Whitley county as administratrix of his estate. Afterward (the date not appearing) the county court of Knox county, Tenn., upon proof that at the time he was killed Farmer had some money and certain chattels of value on his person, appointed W. K. Anderson administrator of the estate of the deceased. September 19, 1909, Anderson, as such administrator, commenced suit in the Knox county circuit court against the railroad company to recover damages for the death. October 5, 1909, on petition of the railroad company, the cause was removed to the court below. January 10, 1910, the declaration was filed, alleging the interstate character and use of the railroad and of decedent's employment and work, and specific acts of negligence, as well as negligent omissions, of the railroad company, without fault of the decedent; setting out portions of the applicable federal Employers' Liability Act of April 22, 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]); and praying recovery of the amount ($15,000) mentioned in the summons sued out in the state court for the benefit of the widow, Sallie Farmer, and their two children, aged respectively eight years and one year. The sufficiency of the declaration was challenged in various ways. Demurrer was interposed on the ground that the Employers' Liability Act was unconstitutional; that under the facts alleged the act was inapplicable; and that upon this theory no recovery could be had at common law, because the death occurred through the negligence of a fellow servant. Hearing upon the demurrer was by consent postponed until the constitutional validity of the federal act then involved in a suit pending in the Supreme Court should be decided. February 22, 1912, the demurrer was overruled. May 8, 1912, the railroad company filed a plea of ne unques administrator, alleging that the county court of Knox county, on May 7, 1912, had revoked the appointment of Anderson as administrator and ordered his letters of administration to be canceled. May 25th demurrer to this plea was sustained because the plea did not allege that the judgment of the county court was final. Further pleas, the second and third, were then interposed, setting up the prior appointment of the widow as administratrix of the estate, and alleging that the right of action, if any, passed to her. June 21, 1912, demurrer to these pleas was overruled. Later in the same month a fourth plea was filed by the railroad, alleging that the circuit court of Knox county had, on appeal, affirmed the decree of the county court removing Anderson as administrator; but demurrer to this plea was also sustained for failure to allege that such judgment of affirmance was final. July 15, 1912, replication was filed by the administrator to the second and third pleas mentioned, alleging in substance that his appointment as administrator was made and his suit commenced at the request of Sallie Farmer, widow and the principal beneficiary of Ray Farmer, deceased, and that for these reasons no suit other than his had been commenced. August 3, 1912, demurrer to the replication was sustained on the ground that under the act of Congress no right of action existed "in the plaintiff as the Tennessee administrator," but that this right vested "solely in the administratrix * * * appointed in Kentucky"; and, the plaintiff declining to make further replication to the second and third pleas, the suit was dismissed with costs, whereupon this proceeding in error was instituted.

Shields, Cates & Mountcastle, of Knoxville, Tenn. (C. T. Cates, Jr., of Knoxville, Tenn., of counsel), for plaintiff in error.

J. G. Johnson and J. B. Wright, both of Knoxville, Tenn., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge (after stating the facts as above). [1] The decisive question is whether, notwithstanding the previous appointment of the Kentucky administratrix, the Tennessee adminis-

trator can for the purposes of the suit be rightfully treated as the decedent's "personal representative" within the meaning of that portion of the federal Employers' Liability Act, which in terms declares the railroad company "shall be liable in damages" to the deceased employé's "personal representative, for the benefit of the surviving widow * * * and children of such employé" (35 Stat. L. 65).

The most obvious features of this statute, which have present relevancy, are that in both structure and design it is remedial and the suit it authorizes is representative. The learned trial judge appears to have regarded the principle announced in American R. R. Co. v. Birch, 224 U. S. 547, 32 Sup. Ct. 603, 56 L. Ed. 879, as controlling. That case decides, because the law is so written, that such a suit shall be brought in the name of the employé's personal representative. It was there sought to maintain the suit in the names of the surviving widow and son, not in the name of an administrator, of the deceased; and so, we think, the present question was not involved. The reasons for requiring such a suit to be instituted in the name of a personal representative, rather than in the names of the beneficiaries, manifestly differ from any reason that would limit the right to maintain such an action in the name only of the personal representative, who may happen to be appointed at the last domicile of the deceased. The District Judge believed, as pointed out in the statement, that the right of action vested "solely in the administratrix of said Ray Farmer first appointed in Kentucky." If there be error in this conclusion, it is because more importance was attached to the right of the representative in whose name the action must be prosecuted, and less to the rights of those for whose benefit an action is preserved, than the statute really intends. The dominant views of the District Judge may in substance be stated thus: (1) Congress could not have intended that "a concurrent right of action should be vested" in each of a number of personal representatives, "with the multiplicity of actions and endless confusion that would result therefrom"; and (2), since the general rule is that the place of a decedent's last domicile determines the probate jurisdiction to grant the principal letters of administration on his estate, the representative appointed at that place, and not one appointed in another state to administer assets there found, should be regarded as the only one entitled to maintain the suit. After all, the first of these views is an inference as to possible consequences of the act, rather than an interpretation of its language. And it is to be observed of both views that there is nothing in the act which explicitly clothes a domiciliary administrator with the exclusive right to maintain such an action; and it is by no means certain that such a restriction might not, simply through inability to obtain service of process upon the negligent employer at the last domicile of the deceased, cause greater inconvenience and hardship than could arise through distinct appointment of another administrator elsewhere and his prosecution of the suit. The statute employs the generic term "personal representative," and so describes a familiar class that would naturally include members that are ordinarily appointed in outside jurisdictions for legitimate objects of administration. In the absence then of express restriction to particular members of such a class, it can hardly be pre-

sumed that there was legislative apprehension of abuses from inclusion of the whole class. It is not suggested that abuses have arisen through unnecessary appointments and suits in the administration simply of estates; nor is it perceived why this situation should change merely because damages recovered here would belong to the beneficiaries instead of the estate, much less why possibility of abuses could be a true test of the right of plaintiff to maintain the instant suit.[1] In any event, there could be but one satisfaction. N. E. Mutual Life Ins. Co. v. Woodworth, 111 U. S. 138, 147, 4 Sup. Ct. 364, 28 L. Ed. 379; Southern Pac. Co. v. DaValle DaCosta, 190 Fed. 689, 696, 111 C. C. A. 417 (C. C. A. 1st Cir.). Further, there is no possibility of a multiplicity of suits in the present instance; for, as pointed out in the statement, the widow sanctioned the appointment of the plaintiff and his commencement and prosecution of the action, and in consequence suffered the time to expire within which she as administratrix could bring the suit.

It should be observed that the proceeding, mentioned in the statement, which was commenced by the railroad in the county court of Knox county to remove the plaintiff as administrator, was taken to the Supreme Court of Tennessee, where the decree of removal was reversed (Anderson, Adm'r, v. L. & N. R. R. Co. [Tenn.] 159 S. W. 1086, decided October 11, 1913, and not officially reported);[2] but it is to be added that the court below assumed for the purposes of the case that Anderson's appointment was valid.[3]

[2] It results that the plaintiff is in Tennessee as distinctly an independent personal representative of the deceased employé, as the widow is or ever was in Kentucky; they derived their authority respectively from different sovereigns and over different property; no privity

---

[1] However, we do not overlook the facts or the reasoning which led to the conclusion reached in Baltimore & O. R. Co. v. Evans, 188 Fed. 6, 110 C. C. A. 156 (C. C. A. 3d Cir.), and also in the equity case reported under the same name (188 Fed. 8, 110 C. C. A. 158); but the facts developed an exceptional case—an apparent imposition concerning the release.involved—which would seem to call for relief independently of any question touching the vesting of a right of action, under a death act, exclusively in a domiciliary administrator; and, moreover, a West Virginia statute, not the act now under consideration, was construed; and no question of right in the administrator appointed in West Virginia to maintain an action in that state or of the power of the court having charge of the suit or of the court appointing him to control or supervise the settlement, arose. If it were conceded that the right to sue upon a death claim includes the power to compromise it fairly (Schouler on Wills & Admin. §§ 386, 387, and notes; Werner on Admin. [2d Ed.] § 628, and citations), such power is open to abuse by a domiciliary as well as an ancillary administrator; and so no progress is made on the theory that a nondomiciliary administrator might abuse his authority.

[2] In the course of the opinion in that case it was said: " * * * The deceased had certain goods, chattels or assets in the county of Knox when he died. * * * The value of these goods and chattels is immaterial for the purposes of administration. * * * Such property is alike subject to administration, whether it be found on the person of deceased, or whether it be found in his bank. It was located in Knox county at the time of his death, and that is the material circumstance."

[3] This was in accord with the course pursued by this court in Dayton Coal & Iron Co. v. Dodd, 188 Fed. 597, 601, 110 C. C. A. 395, 37 L. R. A. (N. S.) 456.

exists between them either in law or in estate; and within the respective states of their appointment the authority of each is paramount to that of the other. Stacy v. Thrasher, 6 How. 44, 59, 12 L. Ed. 337; Johnson v. Powers, 139 U. S. 156, 160, 161, 11 Sup. Ct. 525, 35 L. Ed. 112; Brown v. Fletcher's Estate, 210 U. S. 82, 90, 28 Sup. Ct. 702, 52 L. Ed. 966; Wilson v. Hartford Fire Ins. Co., 164 Fed. 817, 820, 90 C. C. A. 593, 19 L. R. A. (N. S.) 553 (C. C. A. 8th Cir.); Low v. Bartlett, 8 Allen (Mass.) 259, 262, 265; Price v. Mace, Adm'r, 47 Wis. 23, 26, 27, 1 N. W. 336; Keaton's Distributees v. Campbell, 2 Humph. (Tenn.) 224, 238, 239; Robert D. Carr v. W. Lowe's Executors, 7 Heisk. (Tenn.) 84, 92, 93.[4]

[3, 4] What reason then remains to accord to the domiciliary administrator, and deny to the other independent administrator, the right to maintain the suit? Certainly the statute law, as we have seen, is not so written. The Tennessee administrator's official character, as well as that of the Kentucky administratrix, corresponds with the statutory description, "personal representative"; and, inasmuch as the authority of the former is in Tennessee superior to that of the latter, the denial of such right in the former is equivalent to saying that a suit cannot be maintained in Tennessee at all. And yet the statute within its prescribed scope operates and is effective as the paramount law in Tennessee as well as in Kentucky and the other states. Second Employers' Liability Cases, 223 U. S. 1, 53, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44. Besides, the action is not local, but transitory (Dennick v. Railroad Co., 103 U. S. 11, 18, 26 L. Ed. 439; Stewart v. Baltimore & Ohio R. Co., 168 U. S. 445, 448, 18 Sup. Ct. 105, 42 L. Ed. 537); and since, as stated, the death occurred in Tennessee and the suit was brought and prosecuted there with the approval of the Kentucky administratrix and principal beneficiary, no question of conflict in jurisdiction, or of difference between the plaintiff and the other administrator or the beneficiaries, arises. Thus the right to maintain the suit in the name of the present plaintiff is met by objection only of the alleged negligent railroad; and while it is true that the defendant is entitled to have the suit instituted so that any final judgment rendered will protect it against every one else, including the beneficiaries, it cannot be doubted that the court having control of the plaintiff can compel distribution of any amount received according to the terms of the statute. Dennick v. Railroad Co., supra, 103 U. S. at page 20, 26 L. Ed. 439; Stewart v. Baltimore & Ohio R. Co., supra, 168 U. S. at page 450, 18 Sup. Ct. 105, 42 L. Ed. 537.

Now, the effect of the remedial nature of the Employers' Liability Act and the representative character of the present suit cannot escape attention in a situation like this. Both of these features, together with the liberal construction they manifestly imply, would seem to be in-

[4]It is to be remarked of the Carr Case, just cited, that the Tennessee statute there passed upon was in form the same as the present applicable statute of that state (Code of Tenn. [Ann. Ed. 1896] § 2935, p. 953; Code of Tenn. [Ed. 1884] § 3043, p. 553; Code of Tenn. [Ed. 1858] § 2203, p. 445); approval was given to the Keaton Case, supra, and in both of these decisions a portion of the opinion of Mr. Justice Story in Harvey v. Richards, 1 Mason, 381, Fed. Cas. No. 6,184, was adopted.

consistent with the idea that a right of action was vested solely in the domiciliary administrator. This is true, no matter whether the statute be regarded simply as destroying the effect of the common-law maxim that a personal action dies with the person, and so removing an obstacle to the recovery of damages to the extent necessary to compensate those for whose benefit the law was enacted (Stewart v. Baltimore & Ohio R. Co., supra, 168 U. S. at page 448, 18 Sup. Ct. 105, 42 L. Ed. 537), or whether it be treated as designed "to save a right of action to certain relatives dependent upon an employé wrongfully injured, for the loss and damage resulting to them financially by reason of the wrongful death" (Mich. & Cent. R. Co. v. Vreeland, 227 U. S. 59, 68, 33 Sup. Ct. 192, 57 L. Ed. 417), or as creating a new right of action, as was declared of kindred acts in decisions cited approvingly in the Vreeland Case, as also stated in respect of the present act in Garrett v. Louisville & N. R. Co., 197 Fed. 715, 720, 117 C. C. A. 109 (C. C. A. 6th Cir.); for the controlling purpose of the present act of Congress, like the statutes involved in Stewart v. Baltimore & Ohio R. Co., and like Lord Campbell's Act itself, the parent act of all such statutes (Vreeland Case, supra, 227 U. S. at page 69, 33 Sup. Ct. 192, 57 L. Ed. 417), is to benefit the surviving relatives, not the personal representative, of the deceased. Hence, as it seems to us, it is more in consonance with the statute, and is but giving effect to one of its paramount objects, so to construe it as to permit any validly appointed personal representative of a deceased employé to maintain the suit; and especially must this be so where it is plain, as here, that no injustice can thereby result either to the beneficiaries or the defendant. Lang v. Houston, W. S. & P. F. R. Co., 75 Hun, 151, 27 N. Y. Supp. 90, 92; s. c., affirmed, 144 N. Y. 717, 39 N. E. 858; Southern Pac. Co. v. Da Valle Da Costa, supra, 190 Fed. pages 689, 692, 696, 111 C. C. A. 417.

Furthermore, in Stewart v. Baltimore & Ohio Railroad Co., supra, a Maryland statute was involved, providing that whenever the death of a person should be caused by the wrongful act, neglect, etc., of another, "the person who would have been liable if death had not ensued, shall be liable to an action for damages" (Rev. Code Maryland [Ed. 1878] p. 724); and, after specifying the beneficiaries, it further provides that the action shall be brought "by and in the name of the state of Maryland, for the use of the person entitled to damages." The death occurred in that state, but the action was brought in the District of Columbia in the name of an administrator appointed there. The statute of the District was like that of Maryland, except that the District statute provided that:

"Every such action shall be brought by and in the name of the personal representative of such deceased person." Act Feb. 17, 1885, c. 126, 23 Stat. L. 307.

It is to be noticed that, apart from the names in which actions shall be instituted, both of these statutes are substantially the same as Lord Campbell's Act (9 and 10 Vic., c. 93), and so, as already pointed out, are in purpose like the Employers' Liability Act. Mr. Justice Brewer said (in Stewart v. Baltimore & Ohio R. Co., 168 U. S. 449, 18 Sup.

Ct. 106, 42 L. Ed. 537), when considering the difference in parties plaintiff as prescribed by the statutes there involved:

"But neither the state in the one case nor the personal representative in the other has any pecuniary interest in the recovery. Each is simply a nominal plaintiff."

It is not perceived how any difference of substance can exist between the language of those acts and that of the act now under consideration, so far as the vesting or the beneficial object of the right of action is concerned.

Again, in Mo., Kans. & Tex. Ry. v. Wulf, 226 U. S. 570, at page 576, 33 Sup. Ct. 135, 137 (57 L. Ed. 355), where the plaintiff below, as sole beneficiary of the deceased employé, had commenced the action in her own name, but subsequently, and after the limitation prescribed by section 6 of the Employers' Liability Act had expired, took out letters and was allowed to amend her petition by alleging that she sued in the capacity of administratrix, it was held that the amendment was clearly within section 954, Revised Statutes (U. S. Comp. St. 1901, p. 696); Mr. Justice Pitney saying:

"Nor do we think it was equivalent to the commencement of a new action, so as to render it subject to the two years' limitation prescribed by section 6 of the Employers' Liability Act. The change was in form rather than in substance. Stewart v. Baltimore & Ohio Railroad Co., 168 U. S. 445 [18 Sup. Ct. 105, 42 L. Ed. 537]."

And in Am. R. R. of Porto Rico v. Didricksen, 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. 456, a similar change by amendment concerning the capacity of the plaintiff to maintain the suit appears to have been sanctioned. The present case in principle falls clearly within the liberal practice thus approved, and approved, no doubt, for the purpose of effectuating the real intent of the statute.

It is requested in the brief for plaintiff that, if it be held that the suit can be maintained only by the Kentucky administratrix, the case be remanded "for amendment by joining or substituting Mrs. Farmer, administratrix, as plaintiff." It hardly need be said that we do not think such an amendment is necessary. No effort was made in the trial court to amend; and, while we should upon our own motion have been disposed to do so, we have not seen how we could avoid passing upon the error assigned, by reversing and remanding upon a ground which was neither presented nor considered below; but, if the plaintiff should be advised that the right of the administratrix to maintain the action is not barred by the statute, and that time can still be saved by amendment, the present reversal shall be treated as made without prejudice to such rights in that behalf as may exist.

The judgment is reversed, with costs, and the case remanded for further proceedings in conformity with this opinion.