# STEWART *v.* BALTIMORE AND OHIO RAILROAD COMPANY.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 97. Argued November 8, 1897. — Decided December 6, 1897.

The Supreme Court of the District of Columbia has jurisdiction of an action, sounding in tort, brought by the administrator of a deceased person against the Baltimore and Ohio Railroad Company, to recover damages for the benefit of the widow of the deceased by reason of his being killed by a collision which took place while he was travelling on that railroad in the State of Maryland.

The purpose of the several statutes passed in the States in more or less conformity to what is known as Lord Campbell's act, is to provide the means for recovering the damages caused by that which is in its nature a tort, and where such a statute simply takes away a common law obstacle to a recovery for the tort, an action for that tort can be maintained in any State in which that common law obstacle has been removed, when the statute of the State in which the cause of action arose is not, in substance, inconsistent with the statutes or public policy of the State in which the right of action is sought to be enforced.

While, under the Maryland statute authorizing the survival of the right of action, the State is the proper plaintiff and the jury trying the cause is to apportion the damages recovered, and under the act of Congress in force in the District of Columbia, the proper plaintiff is the personal representative of the deceased, and the damages recovered are distributed by law, these differences are not sufficient to render the statutes of Maryland inconsistent with the act of Congress, or the public policy of the District of Columbia.

On October 22, 1894, plaintiff in error as plaintiff filed in the Supreme Court of the District of Columbia an amended declaration containing two counts. The first alleged that John Andrew Casey, plaintiff's intestate, was killed through the negligence of the defendant company, in the State of Maryland; that said intestate left surviving no parent or child but only his wife, Alice Triplett Casey, for whose benefit this action was brought. The second count set forth in addition to the matters disclosed in the first a statute of the State of Maryland in respect to recovery in such cases. A demurrer

to this declaration was sustained and judgment entered for defendant. This was affirmed by the Court of Appeals of the District of Columbia, and from such judgment of affirmance plaintiff has brought the case here on error.

The statute in force in the District of Columbia, act of February 17, 1885, c. 126, 23 Stat. 307, provides for recovery in case the act causing death is done within the limits of the District of Columbia; that "the person who or corporation which would have been liable if death had not ensued shall be liable to an action for damages for such death, notwithstanding the death of the person injured;" that the recovery shall not exceed $10,000; that the action shall be brought in the name of the personal representative of the deceased, and within one year after his death, and that the damages recovered shall not be appropriated to the payment of the debts of the deceased, but enure to the benefit of his or her family and be distributed according to the provisions of the statute of distributions. The Maryland statute, which is copied in the declaration, Rev. Code Maryland, 1878, p. 724, provides in the first section that whenever the death of a person shall be caused by the wrongful act, negligence, etc., of another, "the person who would have been liable if death had not ensued, shall be liable to an action for damages." Sections 2 and 3 are as follows:

"SEC. 2. Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused, and shall be brought by and in the name of the State of Maryland, for the use of the person entitled to damages, and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought, and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the above-mentioned parties, in such shares as the jury by their verdict shall find and direct: *Provided*, That not more than one action shall lie for and in respect of the same subject-matter of complaint; and that every such action shall be commenced

within twelve calendar months after the death of the deceased person.

"SEC. 3. In every such action, the equitable plaintiff on the record shall be required, together with the declaration, to deliver to the defendant, or his attorney, a full particular of the persons for whom and on whose behalf such action shall be brought, and of the nature of the claim in respect of which damages shall be sought to be recovered."

*Mr. Edwin Sutherland* for plaintiff in error.

*Mr. George E. Hamilton* for defendant in error.   *Mr. Michael J. Colbert* was on his brief.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

The Court of Appeals was of opinion that the action could not be maintained under the statute of the District of Columbia, because that authorizes recovery only in case the injury causing death is done within the limits of the District, nor under the Maryland statute because of the peculiar form of remedy prescribed therein, citing in support of the latter contention *Pollard* v. *Bailey*, 20 Wall. 520. A statute of Alabama made stockholders of a bank individually liable for its debts, and according to the construction given to it by the Supreme Court of the State the remedy provided was a suit in equity, whereas in that case a single creditor had sued one of the stockholders in an action at law; and in denying the right to maintain such action this court observed, page 526:

"The individual liability of stockholders in a corporation for the payment of its debts is always a creature of statute. At common law it does not exist. The statute which creates it may also declare the purposes of its creation, and provide for the manner of its enforcement. . . . The liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive of all others. A general liability created by statute without a remedy may be enforced

by an appropriate common law action. But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed."

To like effect was cited *Fourth National Bank* v. *Francklyn*, 120 U. S. 747. The Court of Appeals was of opinion that the statute in Maryland not only created a statutory liability but prescribed a particular remedy, and that no action could be maintained, either in Maryland or elsewhere, unless that special remedy was pursued.

Notwithstanding the ability with which the arguments in support of this conclusion are presented in the opinion of the Court of Appeals, we are unable to concur therein. A negligent act causing death is in itself a tort, and, were it not for the rule founded on the maxim *actio personalis moritur cum persona*, damages therefor could have been recovered in an action at common law. The case differs in this important feature from those in which a penalty is imposed for an act in itself not wrongful, in which a purely statutory delict is created. The purpose of the several statutes passed in the States, in more or less conformity to what is known as Lord Campbell's act, is to provide the means for recovering the damages caused by that which is essentially and in its nature a tort. Such statutes are not penal, but remedial, for the benefit of the persons injured by the death. An action to recover damages for a tort is not local but transitory, and can as a general rule be maintained wherever the wrongdoer can be found. *Dennick* v. *Railroad Company*, 103 U. S. 11. It may well be that where a purely statutory right is created the special remedy provided by the statute for the enforcement of that right must be pursued, but where the statute simply takes away a common law obstacle to a recovery for an admitted tort, it would seem not unreasonable to hold that an action for that tort can be maintained in any State in which that common law obstacle has been removed. At least it has been held by this court in repeated cases that an action for such a tort can be maintained " where the statute of the State in which the cause of action arose is not in substance inconsistent with the statutes or public policy of the State in which

the right of action is sought to be enforced." *Texas & Pacific Railway* v. *Cox*, 145 U. S. 593, 605; see also *Dennick* v. *Railroad Company*, 103 U. S. 11; *Huntington* v. *Attrill*, 146 U. S. 657; *Northern Pacific Railroad* v. *Babcock*, 154 U. S. 190.

What are the differences between the two statutes? As heretofore noticed, the substantial purpose of these various statutes is to do away with the obstacle to a recovery caused by the death of the party injured. Both statutes in the case at bar disclose that purpose. By each the death of the party injured ceases to relieve the wrongdoer from liability for damages caused by the death, and this is its main purpose and effect. The two statutes differ as to the party in whose name the suit is to be brought. In Maryland the plaintiff is the State; in this District the personal representative of the deceased. But neither the State in the one case nor the personal representative in the other has any pecuniary interest in the recovery. Each is simply a nominal plaintiff. While in the District the nominal plaintiff is the personal representative of the deceased, the damages recovered do not become part of the assets of the estate, or liable for the debts of the deceased, but are distributed among certain of his heirs. By neither statute is there any thought of increasing the volume of the deceased's estate, but in each it is the award to certain prescribed heirs of the damages resulting to them from the taking away of their relative.

For purposes of jurisdiction in the Federal courts regard is had to the real rather than to the nominal party. *Browne* v. *Strode*, 5 Cranch, 303; *M'Nutt* v. *Bland*, 2 How. 9; *State of Maryland, for use of Markley*, v. *Baldwin*, 112 U. S. 490. See, also, *Gaither* v. *Farmers' & Mechanics' Bank of Georgetown*, 1 Pet. 37, 42, in which the issue submitted to the jury was, as stated, one between the bank to the use of Thomas Corcorran, plaintiff, and Gaither, the defendant, upon which the court said: "This practice is familiar with the Maryland courts, and when the action originates in that form, the *cestui que use* is regarded as the real party to the suit." It is true those were actions on contract, and this is an action for a tort,

but still in such an action it is evident that the real party in interest is not the nominal plaintiff but the party for whose benefit the recovery is sought; and the courts of either jurisdiction will see that the damages awarded pass to such party.

Another difference is that by the Maryland statute the jury trying the cause apportion the damages awarded between the parties for whose benefit the action is brought, while by the statute of the District the distribution is made according to the ordinary laws of distribution of a decedent's estate. But by each the important matter is the award of damages, and the manner of distribution is a minor consideration. Besides, in determining the amount of the recovery the jury must necessarily consider the damages which each beneficiary has sustained by reason of the death. By neither statute is a fixed sum to be given as a penalty for the wrong, but in each the question is the amount of damages. It is true that the beneficiaries of such an action may not in every case be exactly the same under each statute, but the principal beneficiaries under each are the near relatives, those most likely to be dependent on the party killed, and the remote relatives can seldom, if ever, be regarded as suffering loss from the death.

We cannot think that these differences are sufficient to render the statute of Maryland in substance inconsistent with the statute or public policy of the District of Columbia, and so, within the rule heretofore announced in this court, it must be held that the plaintiff was entitled to maintain this action in the courts of the District for the benefit of the persons designated in the statute of Maryland. The judgment will be

*Reversed, and the case remanded for a trial upon the merits.*