## CARTER v. ST. LOUIS–SAN FRANCISCO RY. CO.

District Court, N. D. Oklahoma. December 13, 1928.

No. 667.

Phil W. Davis, Jr., of Tulsa, Okl., for plaintiff.

Stuart, Coakley & Doerner, of Tulsa, Okl., for defendant.

KENNAMER, District Judge. This action was commenced in the district court of Tulsa county, Oklahoma, to recover $35,000 for the alleged wrongful death of D. O. Williams. The cause was removed to this court by the defendant. Plaintiff has filed motion to remand.

It appears from the petition filed by the plaintiff that on the 19th day of April, 1927, the deceased was driving an automobile truck south upon a public highway in Tulsa county, and at the intersection between Owasso and the city of Tulsa the automobile truck was struck by a train of the defendant company, resulting in the death of D. O. Williams. The deceased left surviving him his widow, Hattie F. Williams, and five minor children. At the instance and request of the attorney for the plaintiff, C. C. Carter, a resident of Missouri, was appointed administrator of the estate of D. O. Williams, deceased, by the probate court of Tulsa county, Oklahoma.

The deceased on the date of his death was a resident of Tulsa county, left no estate to be administered upon, and Carter was appointed administrator for the sole purpose of prosecuting this action. Prior to the filing of this suit the widow instituted an action in the district court of Tulsa county. The cause was removed to the United States District Court and was set for trial. On the date of trial plaintiff voluntarily dismissed the action without prejudice; thereafter Carter was appointed administrator and instituted this action.

Under section 824, Compiled Oklahoma Statutes 1921, such an action may be maintained by the personal representatives, but the statute provides: "The damages must inure to the exclusive benefit of the" surviving spouse "and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

The deceased, D. O. Williams, left no property in Missouri, and it is clear, from the admissions made on the hearing of the motion, that a nonresident was selected to be appointed administrator for the sole purpose of preventing a removal of the contemplated action to the federal court. It is plain that Carter is a nominal party; that the widow and children, for whose exclusive benefit the action may be prosecuted, are the real parties in interest; and that their residence controls on the question of diversity of citizenship and the jurisdiction of this court.

In the case of Atlanta K. & N. R. Co. v. Hooper (C. C. A.) 92 F. 820, the court, in construing a Tennessee statute, said: "The next of kin for whose benefit the suit is brought are the real plaintiffs, and the administrator, though dominus litis, and a necessary party in all cases where there is no widow or child of the deceased, is, nevertheless, but a nominal party, and a mere trustee." Where a decedent left no estate, except a cause of action for his wrongful death, which under the state statute exclusively inured to the benefit of his surviving

widow and children, in determining the jurisdiction of the court where such action was instituted, they will be treated as the real parties in interest, and the administrator of such estate as a nominal party. See Cerri v. Akron-People's Telephone Co. (D. C.) 219 F. 285; Stewart v. B. & O. R. Co., 168 U. S. 445, 18 S. Ct. 105, 42 L. Ed. 537.

The motion to remand is denied.