DANA J. BROWN, administrator, *vs.* BOSTON AND MAINE RAILROAD.

Essex.    April 4, 1933. — May 29, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Executor and Administrator. Negligence,* Employer's liability. *Statute,* Construction. *Federal Employers' Liability Act. Waiver. Evidence,* Presumptions and burden of proof. *Words,* "Personal representative."

One appointed by a court of another State personal representative of a deceased resident of that State is not the personal representative of the deceased in this Commonwealth and cannot maintain in the courts of this Commonwealth an action under the Federal employers'

liability act for the death of the deceased resulting from negligence of the defendant here.

In an action of the character above described, it could not be said that the defendant, by proceeding to trial without having questioned the plaintiff's right to maintain the action by an answer in abatement or otherwise, waived the right to rely upon that defence at the trial: the burden was on the plaintiff to show that he was a person to whom the Federal statute gave the right to maintain the action.

TORT. Writ dated March 26, 1930.

The action was tried in the Superior Court before *J. J. Burns,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*A. V. A. Thomason,* (*J. A. Hines, H. L. Miller & C. S. Hartwell* with him,) for the plaintiff.

*F. P. Garland,* (*J. DeCourcy* with him,) for the defendant.

PIERCE, J. This is an action of tort brought by the plaintiff as he is administrator of the estate of John S. Langille, late of Wolfeboro, Carroll County, New Hampshire, to recover for the conscious suffering and death of said John S. Langille which occurred on September 14, 1929, as the result of a collision between certain trains and locomotives of the defendant on the tracks of the defendant in Andover in the county of Essex and Commonwealth of Massachusetts. John S. Langille at the time of his accident and death was a locomotive fireman in the employ of the defendant. At the opening of the case before the trial commenced, it was agreed between counsel that the defendant was a common carrier engaged in interstate commerce, and that the deceased was employed in such commerce at the time of his death. The defendant admitted at the trial that "there was sufficient evidence to warrant a finding of negligence on the part of the railroad, causing the death of John S. Langille." It appeared by uncontroverted evidence at the trial that the plaintiff, Dana J. Brown, was appointed administrator of the estate of John S. Langille on January 27, 1930, by the Probate Court for the county of Carroll in the State of New Hampshire; that the plaintiff "had accepted the duties imposed on him by virtue of that appointment; that John S. Langille, the party named in the papers, was a

married man and left a widow, but no children or other dependents; that the widow is still living at Wolfeboro, New Hampshire." On cross-examination the plaintiff testified in substance that he could not say whether the deceased had been supporting his wife for a number of years prior to his decease; that he knew there had been some trouble [between them], that he did not know that it had been for a number of years, that it might have been about a year and that he did not know whether the deceased had been supporting his wife or not. Counsel for the plaintiff stated in open court that he had no further evidence on the issue of pecuniary loss and on the issue of the plaintiff's right to bring this action as administrator. Thereupon both parties rested. The defendant then duly presented a written motion for a directed verdict. The judge allowed the motion subject to the following stipulation: "If, on the record as it now stands, the plaintiff is entitled to maintain his action, judgment is to be entered for the plaintiff in the sum of $5,000; if, on the record as it now stands, the plaintiff is not entitled to maintain his action, judgment is to be entered for the defendant."

On the material facts covered by the report and the record as it stands the plaintiff states the issue to be as follows: "Can a foreign administrator of intestate, killed through the negligence of defendant, prosecute his action to a conclusion when suing under the Federal employers' liability act on behalf of widow of intestate after issue has been joined and trial started?" and contends that this issue should be decided in the affirmative for the following reasons: (a) "A domiciliary administrator is the personal representative of his intestate within the meaning of the Federal employers' liability act"; (b) "A domiciliary administrator is the proper party to bring suit to enforce the liability of a carrier under the Federal employers' liability act"; (c) "By 'maintaining an action' is meant the right to prosecute it to a conclusion"; and (d) "Any fact which impeaches the capacity of the plaintiff must be pleaded by answer in abatement, or it is waived."

The present action is brought under the Federal employers'

liability act, 35 U. S. Sts. at Large, 65, § 1, the material parts of which read as follows: " . . . every common carrier by railroad while engaged in commerce between any of the several States or Territories, . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment." The words "personal representative" as used in this act, employers' liability act, 35 U. S. Sts. at Large, 65, § 1, have the meaning "executor or administrator" they being representatives constituted by the proper court. *Briggs* v. *Walker,* 171 U. S. 466, 471. *Cox* v. *Curwen,* 118 Mass. 198, 200. It is settled law that the appointment of an administrator in one State confers no power beyond the limits of that State, and does not authorize him to maintain any suit in the courts, State or national, held in any other State. *Stacy* v. *Thrasher,* 6 How. 44, 58. *Noonan* v. *Bradley,* 9 Wall. 394, 400. *Johnson* v. *Powers,* 139 U. S. 156, 158. *Goodwin* v. *Jones,* 3 Mass. 513. *Beaman* v. *Elliot,* 10 Cush. 172, 173. *Commonwealth* v. *Sanford,* 12 Gray, 174. *Cassidy* v. *Shimmin,* 122 Mass. 406, 412. Because the employers' liability act does not define "personal representative" and does not declare any test of his authority to act for the person for whose benefit the action is to be instituted, the plaintiff contends that the term "personal representative" should be given a liberal construction and any representative held authorized to sue under the employers' liability act irrespective of the jurisdiction in which he was appointed. The plaintiff further contends that there is no reason why an ancillary administrator should be appointed in this Commonwealth because

he, as personal representative, is only a nominal plaintiff, since the damages recovered do not become part of the assets of the estate or liable for the debts of the deceased, but are to be distributed among the persons described in the statute. *Hanlon* v. *Frederick Leyland & Co. Ltd.* 223 Mass. 438, 440. The answer seems to be that an administrator appointed in a foreign State is not a personal representative of the estate in any other State. *Low* v. *Bartlett*, 8 Allen, 259. *Johnson* v. *Powers*, 139 U. S. 156, 159.

The defendant in this action had no duty seasonably to plead by abatement or otherwise the question of the "personal disqualification" of the plaintiff to maintain this action. The burden of proof was upon the plaintiff to show that he was the personal representative to whom the statute gave the right. A plea in abatement without the appointment of an ancillary administrator, who would not necessarily be the plaintiff, would not supply the lack of proof that there was a personal representative appointed in this Commonwealth.

In our opinion there is no need to consider whether the agreement as to the amount of damages was an absolute agreement that there was such damage, or fixed the amount of damage, if the evidence warranted a finding of substantial damage. We think on the report and record that the motion was allowed rightly. It follows in accordance with the stipulation that judgment is to be entered for the defendant; and it is

<div align="right">

*So ordered.*