## BRIGGS v. PENNSYLVANIA R. CO.

### No. 103.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1946.

Reversed and judgment entered for plaintiff on the verdict.

Anthony Sansone, of Mamaroneck, and Alfred T. Rowe, of New York City, for appellant.

Ray Rood Allen, of New York City, and Burlingham, Veeder, Clark & Hupper, all of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff, a resident of Pennsylvania, sued under the Federal Employers' Liability Act, as administratrix appointed in that state of one, Briggs, her husband, likewise a resident of Pennsylvania, who was killed while in the defendant's employ. She originally sued without ancillary letters granted in New York; but she later secured these based upon a petition which did not however allege that Briggs had had any personal property in that state other than the cause of action here in suit. At the trial the defendant admitted liability, but challenged the plaintiff's capacity to sue either as domiciliary, or as ancillary, administratrix. As to the first, it invoked the usual doctrine that the court of another state will not recognize a domiciliary administrator who has not secured ancillary letters; as to the second, it alleged that the Surrogate of New York County who had appointed the plaintiff, had had no jurisdiction. § 45(3) of the New York Surrogate's Act. The judge sustained both these objections, but took a verdict for the plaintiff, and then directed judgment for the defendant. The plaintiff does not seek to sustain her appeal upon the theory that her ancillary letters were valid under New York law, and for that reason alone we shall not consider whether it was proper to disregard those letters; we shall there-

fore confine ourselves to the only question debated: i. e., whether a domiciliary administrator may sue upon the right of action created by the Federal Employers' Liability Act, in the court of a state other than that of domicil.

■ The plaintiff asks us to reverse the judgment on the authority of our decision in Cooper v. American Airlines, Inc., 149 F.2d 355; the defendant asks us to affirm it because that decision was founded upon a mistaken interpretation of the law of New York. Neither position is well taken; the jurisdiction of the district court in that case was based upon diversity of citizenship, and the plaintiff's capacity to sue depended upon the law of New York. Rule '17(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Here the plaintiff sues upon a right created by an act of Congress, as to whose meaning the decisions of state courts are not authoritative, however inherently persuasive they may be. Although in Stewart v. Baltimore & Ohio R. Co., 168 U.S. 445, 449, 18 S.Ct. 105, 42 L.Ed. 537, when dealing with a right of action created by a Maryland statute, the Supreme Court did speak, as though, like any other of the decedent's assets, it devolved upon his representative, the right granted by § 51 of Title 45, U.S.C.A., is not to be so regarded. In spite of the fact that § 59 speaks of "survival" the court in Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 68, 70, 33 S.Ct. 192, 57 L.Ed. 417, Ann.Cas.1914C, 176, adopted the view of the English courts as to Lord Campbell's Act: i. e., that it created a new right for the benefit of the prescribed beneficiaries. Hence, although it is undoubtedly true that by the term, "personal representative," Congress referred to one who receives authority of some sort from a state, there is no reason to think that it meant to take over the customary limitations upon the authority of an administrator or other "personal representative," when he sues upon a right of the decedent which has devolved upon him by operation of local law.

In Anderson v. Louisville & Nashville R. Co., 210 F. 689, the Sixth Circuit sustained the capacity to sue of an ancillary administrator of the decedent in spite of the fact that a domiciliary administrator had also been appointed. It is true that the domiciliary administrator had consented to the action—a circumstance on which the court in part relied—but the rationale went fur-

ther, particularly in its reliance upon Stewart v. Baltimore & Ohio R. Co., supra, 168 U.S. 445, 18 S.Ct. 105, 42 L.Ed. 537. Southern Railway Co. v. Moore, 158 S.Car. 446, 155 S.E. 740, 73 A.L.R. 582, is in accord; and in Willgues v. Pennsylvania, 318 Mo. 28, 29 S.W. 817, the Supreme Court of Missouri allowed the ancillary administrator to sue when, so far as appears, the domiciliary administrator had not consented. Moreover, in Louisville & Nashville R. Co. v. Jones, 215 Ky. 774, 286 S.W. 1071, 53 A.L.R. 1255, the Court of Appeals of Kentucky held it a good bar to a suit by the domiciliary administrator in a court of the domicil that an ancillary administrator had already recovered judgment upon the same cause of action elsewhere. We may take it therefore as established that an ancillary administrator may sue under § 51; but it must be owned that the decisions are not so clear as to a domiciliary administrator suing in another state. Indeed, the only appellate court which, so far as we have found, has passed upon such a suit, refused to entertain it. Brown v. Boston & Maine R. Co., 283 Mass. 192, 186 N.E. 59. Judge Clancy did the same in Rejsenhoff v. Colonial Navigation Co., D.C., 35 F.Supp. 577; and although Judge Moscowitz sustained a domiciliary administrator in Kleckner v. Lehigh Valley R. Co., D.C., 36 F.Supp. 600, it was only because he thought that the suit would have lain in a New York court. In the only other decision directly in point which we have found—Willis v. Pan American Refining Co., D.C., 26 F.Supp. 990—Judge Chesnut, however, held with the domiciliary administrator; and the Supreme Court of New Hampshire did the same under a Massachusetts statute. Ghilain v. Couture, 84 N.H. 48, 146 A. 395, 65 A.L.R. 553.

■ Although the domiciliary administrator by taking out ancillary letters may sue in a court of the state which grants them, he may be unable, as in the case at bar, to secure them under the probate law of the only state where he can get jurisdiction over the defendant; or under the law of that state where he can most conveniently sue. Particularly, when we consider that the Federal Employers' Liability Act has been extended to seamen, the impediment of such a limitation upon his authority appears to be serious and unjust. Indeed, the authority of the domiciliary administrator to sue outside the domicil would seem, as a new question, to be quite

as well grounded as that of an ancillary administrator to sue in his own state. If § 51 creates a new right for the benefit of those mentioned, it would seem that it might be deemed vested in the "representative" of their domicil, who might therefore sue anywhere, like a trustee. If, on the other hand, the "representative" is merely the "nominal plaintiff" as he was called in Stewart v. Baltimore & Ohio R. Co., supra, 168 U.S. 445, 18 S.Ct. 105, 42 L.Ed. 537—and as was apparently the understanding of the court in Anderson v. Louisville & Nashville R. Co., supra, 210 F. 689, 695—there is certainly no reason to reject the domiciliary administrator. It is possible that, as Judge Chesnut suggested in Willis v. Pan American Refining Co., supra, 26 F.Supp. 990, conflicts may arise when both a domiciliary and an ancillary administrator have been appointed; but they will not be beyond just settlement, if they do; and whatever they may be, they are not before us in the case at bar.

Judgment reversed; judgment to be entered for the plaintiff on the verdict.