## FELIU v. GRACE LINE, Inc.

United States District Court
S. D. New York.

Feb. 6, 1951.

442

Edward Pine, New York City (Renato C. Giallorenzi, New York City, of counsel), for plaintiff.

Kirlin, Campbell & Keating, New York City (James B. Magnor, New York City, of counsel), for defendant.

COXE, District Judge.

This is an action under the Jones Act, 46 U.S.C.A. § 688, to recover for the alleged wrongful death of a seaman employed on one of the defendant's vessels. The complaint alleges that the seaman died intestate and that on October 23, 1950, plaintiff, the father of the seaman, became the duly authorized Administrator of his estate under and by virtue of the laws of the Republic of Honduras and the Civil Court of San Pedro Sula. It is then alleged that the seaman left surviving his father, his sole next of kin, and others dependent upon him for support, and that plaintiff brings this action in his representative capacity, on his own behalf as the seaman's dependent parent, and on behalf of other next of kin of the seaman who were dependent upon him for support.

Plaintiff now moves to strike out of the answer, as being insufficient in law, two defenses, (1) assumption of risk, and (2) that plaintiff lacks legal capacity to sue.

■ The motion to strike the first defense is granted, for it is well settled that in an action under the Jones Act the defense of assumption of risk is not available. Socony Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265; Jacob v. City of New York, 315 U.S. 752, 755, 62 S.Ct. 854, 86 L.Ed. 1166; Norton v. Warner Co., 321 U.S. 565, 570, 64 S.Ct. 747, 88 L.Ed. 430.

The second defense is based upon the claim that an administrator, appointed by a court of a foreign country, lacks capacity to sue in a court of this country without first obtaining ancillary letters of administration here.

■ The Jones Act, as implemented by § 1 of the Federal Employers' Liability Act, 45 U.S.C.A. § 51, creates, in case of the wrongful death of a seaman, a right of action in his "personal representative", not for the benefit of the seaman's estate, but "for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee".

In Briggs v. Pennsylvania R. Co., 2 Cir., 153 F.2d 841, 163 A.L.R. 1281, it was held that a domiciliary administrator might sue upon a right of action, created by the Federal Employers' Liability Act, in a court of a State other than that of the domicile. He sues as a statutory trustee for the benefit of the named persons. And in The Pan Two, D.C.Md., 26 F.Supp. 990, the same ruling was made with reference to a suit under the Jones Act. Cf., also, Wiener v. Specific Pharmaceuticals, Inc., 298 N.Y. 346, 83 N.E.2d 673. Clearly these cases apply equally to a domiciliary administrator appointed in a foreign country as to a domiciliary administrator appointed in a sister State of this country.

The motion to strike the second defense is also granted.