Fernando B. FORNARIS; Maria Josefa Fernandez VDA. De Fornaris, for herself and as representative of her minor children, under her patria potestas, Hortensia Maria, Fernando Jose, and Jose Angel Fornaris Fernandez; Guillermina Vazquez VDA. Molina; Carmen Casanova VDA. De Molina, for herself and as representative of her minor children, under her patria potestas, Carmen Eneida, Vilma Luisa and Luis Guillermo Molina Casanova; Juana Z. Ubarri VDA. De Rios, Shirley Jenny and Luis Angel Rios Ubarri, Libellants,

v.

AMERICAN SURETY COMPANY OF NEW YORK; Radio Telephone Communicators of Puerto Rico, and Hilda Teresa Salas VDA. De Alonso; Gloria Rosa, Carlos Javier, Jaime Juan and Carla Joan Alonso Salas, represented by their mother with patria potestas, Hilda Teresa Salas VDA. De Alonso, Respondents.

No. 36–58.

United States District Court
D. Puerto Rico,
San Juan Division.
May 4, 1960.

Canales & Segarra, Francisco Ponsa Feliu, Alberto Pico, Aurelio Torres Braschi, San Juan, P. R., for libellants.

Hartzell, Fernandez & Novas, San Juan, P. R., for respondents.

RUIZ-NAZARIO, District Judge.

This is a suit in admiralty instituted in this Court under the Death on the High Seas By Wrongful Act statute, 46 U.S.C.A. § 761, in which certain persons in relation to the decedents seek to exert the right of action created by the statute. The respondents have filed two exceptive allegations, first generally that the libellants are not the personal representatives of decedents, and, second, particularly, that respondent American Surety Company is not a proper party respondent.

■ Beginning with the second contention, which is the more simple, I believe the exception is well taken, as the statute does not provide for any direct action against insurers, and the provisions of the Insurance Code of Puerto Rico, 26 L.P.R.A. 101 et seq. are not applicable to a suit in admiralty. However, in the absence of the insurance policy from the record before me, I am unable at this time to reach any definite conclusion on this point, and such a conclusion is unnecessary at this state of the proceeding in view of what will develop in the course of the discussion of respondents' first contention.

Section 761 of Title 46, U.S.C.A. states as follows:

"Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, *the personal representative of the decedent* may maintain a suit for damages in the district courts of the United States, in admiralty, *for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative* against the vessel, person, or corporation which would have been liable if death had not ensued. Mar. 30, 1920, c. 111, § 1, 41 Stat. 537." (Italics supplied.)

There are three groups of libellants here, each in relation to one of three de-

cedents who it is alleged perished in a common disaster on the high seas. Each group is hereinafter referred to by the name of the decedent to whom they stood in relation. First there is the Fornaris group. These libellants are the father, the widow, and the children of decedent Fernando Fornaris, Jr.; next is the Molina group, consisting of the mother, the widow and the children of decedent Antulio Guillermo Molina; and last in the order stated in the libel is the Rios-Algarin group, consisting of the widow and the children of decedent Luis Rios Algarin.

There is no doubt in my mind that the children and widows of the three decedents named above are, under the law of Puerto Rico, the personal representatives of their deceased husbands and fathers. Perez v. Successors of M. Perez & Co., 41 P.R.R. 845. However —and this is where the problem arises— they (as well as the two parents named in the libel) are beneficiaries under the Federal statute, as the suit for damages in admiralty must be maintained for their benefit, and any amount obtained for each group must be apportioned among the members of the group in proportion to the loss they may severally have suffered. Section 762.

And the Federal rule is that only the personal representative and not the beneficiary has a right to sue under this statute. Civil v. Waterman S.S. Corp., 2 Cir., 217 F.2d 94. The same rule applies in respect of other Federal statutes giving rights of action specifically to "personal representatives", as in 46 U.S.C.A. § 688, and the Federal Employers' Liability Act, Title 45 U.S.C.A. §§ 51–60. Civil v. Waterman S.S. Corp., cited above; American Railroad Company of Porto Rico v. Birch, 224 U.S. 547, 32 S. Ct. 603, 56 L.Ed. 879. In the latter case, as in the present case, it looked like a useless circumlocution to require an administration upon the deceased's estate, but nevertheless the Court held that it was necessary to obtain letters of administration and that the suit be brought by the administrator. It is true that this decision was prior to the deliverance by the Supreme Court of Puerto Rico of its opinion in the Perez case, cited above, while the confusion injected into the local law by the unnecessary provisions of Article 61 of the Code of Civil Procedure regarding "personal representatives" still existed, however, in Missouri, Kansas & Texas Railway Company v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, the plaintiff was the sole beneficiary, and the Court held that she could not maintain the action under the Federal Employers' Liability Act except as personal representative, citing the Birch case.

It is therefore necessary for each group of libellants herein to obtain the appointment of an administrator to maintain the libel as the personal representative of the particular decedent whose heirs originally instituted this suit. The Perez case is authority for the bringing of an action by an administrator in certain exceptional cases (page 845 of 41 P.R.R.), so there should be no difficulty in obtaining letters of administration in the appropriate Commonwealth court, as this case is exceptional because, absent an administrator, the heirs and other beneficiaries herein could not obtain the relief afforded them by Act of Congress.

Once administrators are appointed, the libellants may move to amend the libel by substituting the administrators as libellants in lieu of the heirs and parents. Such an amendment would not be equivalent to the commencement of a new action (more than 2 years have elapsed since the deaths of the decedents) so as to render it subject to the two year limitation prescribed by Section 763 of Title 46 U.S.C.A. The change would be in form rather than substance, it would set up no different state of facts as the ground of action, and it would relate back to the commencement of the suit. See Missouri, Kansas & Texas Railway Company v. Wulf, 226 U.S. 570, 33 S.Ct. 135.

Leave is therefore granted to move for amendment of the libel, substituting ad-

342

ministrators as personal representatives of decedents, in lieu of libellants, for which action the libellants are granted a period of 90 days from the date of this memorandum opinion; and in the event the substitution is not made within the term granted, the libel will be dismissed.