Petition of KEYSTONE TANKSHIP CORPORATION and Keystone Shipping Co., corporations, for Exoneration from or Limitation of Liability.

No. 16994.

United States District Court
W. D. Washington, N. D.

Jan. 18, 1965.

Edward C. Biele, of Bogle, Bogle & Gates, Seattle, Wash., for petitioners Keystone.

Philip J. Thompson, Spokane, Wash., for petitioner Henry Sherven.

Leon L. Wolfstone, Seattle, Wash., for claimant Harriet Dash, Adm'x of Estate of Schmidt.

BEEKS, District Judge.

Harold W. Schmidt, a member of the crew of the BUNKER HILL, was issued a policy of life insurance in connection with his employment. The insurance is a Second Seaman's War Risk Policy and the named beneficiary is Henry Sherven, Schmidt's stepfather. Schmidt lost his life in the explosion and sinking of the BUNKER HILL on March 6, 1964, which explosion and sinking resulted in this proceeding. Schmidt is survived also by a minor daughter on whose behalf the personal representative of his estate, Harriet Dash, has filed claim under the Jones Act, 46 U.S.C. § 688.

Petitioners (herein called Keystone) have deposited the principal amount of the insurance policy, $5,500.00, into the registry of the court. The beneficiary has petitioned the court for delivery thereof. Keystone resists this claim on the ground that under the clause of the insurance policy quoted in the margin[1]

---

1. "B. If any final judgment or award is obtained by any person against (petitioners) by reason of the loss of life, disability (including dismemberment and loss of function), loss of or damage to personal effects, or detention (including the occurrence of other situations hereinbefore provided) of the insured but based on a claim or cause of action other than one under this policy, and if such respective loss of life, disability (including dismemberment and loss of function), loss of or damage to personal effects, or detention (including the occurrence of other situations hereinbefore provided) of such insured, either separately or combined, also *constitutes or forms the basis of a claim payable under this policy*, the amount which otherwise would have been payable hereunder because of such claim shall be reduced by an amount equal to the amount

Keystone is not obligated to pay over the proceeds to the beneficiary unless the personal representative of decedent consents thereto and releases her Jones Act claim against Keystone to the extent of any payments made to the beneficiary under the insurance policy. Keystone, in effect, contends that the italicized line of the policy clause should be construed to read "the basis of a claim payable under this policy *to such or any other person* \* \*." The alternative construction is "the basis of a claim payable under this policy *to such person* \* \* \*."

▉ Assuming that the policy is fairly susceptible of the interpretation advocated by Keystone, it is well settled that where the provisions of an insurance policy are subject to two interpretations, one favorable to the insured and the other favorable to the insurer, who chose the language employed, the interpretation which is adverse to the insurance company must prevail. Aschenbrenner v. United States Fidelity & Guaranty Company, 292 U.S. 80, 54 S.Ct. 590, 78 L.Ed. 1137; General Ins. Co., etc. v. Pathfinder Petroleum Co., 145 F.2d 368 (9th Cir. 1944), cert. denied 324 U.S. 844, 65 S.Ct. 679, 89 L.Ed. 1406. So construed this court is of the opinion that the clause in question does not provide for a set-off where the beneficiary is not the tort claimant or one on whose behalf a tort claim is being asserted. Such a set-off appears to be required by the clause only where there is such an identity of interest as was the situation in Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583 (2d Cir. 1961); Lawson v. United States, 192 F.2d 479 (2d Cir. 1951); and Petition of Gulf Oil Corp., 221 F.Supp. 1000 (D.R.I. 1963).

▉ Keystone has challenged the right of the personal representative to appear in this action because she was appointed by a Pennsylvania court and no ancillary administration has been established under the laws of Washington. Whatever the rule may be in actions under the general maritime law or in a diversity suit, this action has been instituted under the Jones Act, which by reference incorporates the Federal Employers' Liability Act, and under both statutes it has been held that an action may be prosecuted by a foreign administrator. Anderson v. Louisville & N. R. Co., 210 F. 689 (6th Cir. 1914); Rowston v. Oglebay Norton Co., 180 F.Supp. 803 (N.D.Ohio 1960); Feliu v. Grace Line, Inc., 97 F.Supp. 441 (S.D.N.Y. 1951); The Pan Two, 26 F. Supp. 990 (D.Md. 1939).

Keystone cites O. M. Arnold, 127 F.2d 648 (9th Cir. 1942) to the contrary. However, Arnold is based on The Princess Sophia, 61 F.2d 339 (9th Cir. 1932), which relied on Noonan v. Bradley, 9 Wall. (76 U.S.) 394, 19 L.Ed. 757 (1870), which in turn was based on state law. Even if this line of authority is controlling on this court, it does not dictate a contrary conclusion since the present state of the law of Washington appears to permit the maintenance of wrongful death actions by foreign administrators. Compare In re Ludwig's Estate, 49 Wash. 2d 312, 301 P.2d 158 (1956) with Gray v. Goodson, 61 Wash.2d 319, 378 P.2d 413 (1963).

This court therefore holds that the policy beneficiary is entitled to the insurance proceeds and that Keystone is not entitled to credit the amount of such proceeds against any judgment recovered by the personal representative of Schmidt on behalf of his minor daughter.

Proctor for claimant Henry Sherven shall prepare a decree in accordance with this decision for presentation to the court on Monday, January 25, 1965, at 9:30 a. m.

---

of such final judgment or award, unless such person, in a form and manner satisfactory to the (petitioners), effectively and validly releases or discharges (petitioners) from their respective obliga- tions under such final judgment or award to the extent of the amount of such claim payable under this policy." (Italics supplied.)