See also, D.C., 453 F.Supp. 268.

**Complaint of COSMOPOLITAN SHIPPING COMPANY, S. A., as owner of the 26,650 GROSS TON OIL TANKER CLAUDE CONWAY for Exoneration from or Limitation of Liability in a Cause of Limitation, Civil and Maritime.**

No. 77 Civ. 1425.

United States District Court,
S. D. New York.

Feb. 28, 1978.

Dué Dodson & deGravelles, Baton Rouge, La. by Richard J. Dodson, Baton Rouge, La., of counsel, Harvey F. Gerber, New York City, for Matascone claimants.

Eaton, Van Winkle, Greenspoon & Grutman, New York City by Norman Roy Grutman and Gary A. Woodfield, New York City, of counsel, for the Public Administrator.

## OPINION

ROBERT L. CARTER, District Judge.

*Facts*

On March 20, 1977, the S.S. Claude Conway sank off the coast of the United States, and one Franco Matascone, an Italian citizen, died along with numerous other crewmen. The owners of the ship, Cosmopolitan Shipping Company, instituted this limitation proceeding. *See* 46 U.S.C. § 185. The mother and father of the deceased together with his brothers and sisters ("Matascone claimants"), engaged the firm of Due Dodson and deGravelles ("Due Dodson"), to prosecute any wrongful death claims on their behalf. Due Dodson filed a claim in this action on May 11, 1977, seeking recovery for the wrongful death of Franco Matascone under the Death on the High Seas Act, 46 U.S.C. § 761, and the Jones Act, 46 U.S.C. § 688.

The present controversy arises from the fact that on June 10, 1977, the Public Administrator of the County of New York was appointed as the personal representative of the Matascone estate in New York and was issued temporary letters of administration by the New York County Surrogate's Court. On June 15, 1977, the Public Administrator designated the firm of Pavia & Harcourt as attorneys for the Matascone estate, and they, in turn, engaged the firm of Eaton, Van Winkle, Greenspoon & Grutman ("Eaton"). On that date, Eaton also filed a claim in this proceeding on behalf of the Matascone estate based upon the Death on the High Seas Act, *supra*; the Jones Act, *supra*; and the wrongful death action recognized under general maritime law. *See Moragne v. States Marine Lines*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970).

Due Dodson now seeks an order from this court confirming it as the proper legal representative of Franco Matascone in this action and requiring the withdrawal of the claim filed by Eaton. Eaton, on the other hand, argues that it is the only proper legal representative of Franco Matascone, having been designated by the properly appointed administrator of the Matascone estate—the New York County Public Administrator.

*Discussion*

■ The federal causes of action upon which Due Dodson and Eaton seek recovery on behalf of their clients all vest in the "personal representative" of the deceased seaman. *Futch v. Midland Enterprises, Inc.*, 471 F.2d 1195, 1196 (5th Cir. 1973); *Civil v. Waterman Steamship Corp.*, 217 F.2d 94, 98 (2d Cir. 1954); 46 U.S.C. §§ 688, 761. Eaton argues, and we agree, that the term personal representative requires some designation by *a court* that the individual seeking to prosecute the wrongful death action is an administrator of the decedent's estate. As the Second Circuit stated in describing the analogous provision of the Federal Employers Liability Act, 45 U.S.C. § 51 (incorporated by reference into the Jones Act, 46 U.S.C. § 688), "it is undoubtedly true that by the term, 'personal representative,' Congress referred to one who receives authority of some sort from a state . . . ." *Briggs v. Pennsylvania R. Co.*, 153 F.2d 841, 842 (2d Cir. 1946). In *The Pan Two*, 26 F.Supp. 990, 993 (D.Md.1939), the court, in describing a wrongful death action under the Jones Act stated that, "[i]n giving the right of action to the personal representative without further description, Congress evidently intended to confer the right upon the lawfully and properly appointed executor or administrator of the decedent . . . ." And, in *Fornaris v. American Surety Co. of New York*, 183 F.Supp. 339 (D.P.R.1960), the court required the heirs who had instituted an action for wrongful death under the Death on the High Seas Act, *supra*, to obtain the appointment of an administrator to continue the

action on their behalf in order to meet the requirement of the Act that the action be prosecuted by the personal representative of the decedent. *Id.* at 341; *see American Railroad Co. v. Birch,* 224 U.S. 547, 32 S.Ct. 603, 56 L.Ed. 879 (1912). *But see Landry v. Two R. Drilling Co.,* 511 F.2d 138, 141 n.2 (5th Cir. 1975) (finding a waiver by defendants of any defect in the capacity of the widow of the deceased to prosecute a wrongful death claim under the Jones Act on behalf of herself and her children, and suggesting that a surrogate court's designation of the widow as her husband's testamentary executor was not required for her to qualify as his "personal representative" under the Act).

In the present case, the Matascone claimants have proffered no evidence that they are the duly appointed personal representatives of the decedent's estate. This does not compel the conclusion, however, that the Public Administrator is the only party who can pursue these wrongful death actions. Rather, the Matascone claimants, or one of them, will be given the opportunity to obtain some kind of authorization from an Italian court to pursue these actions on behalf of the decedent as his personal representative. *See Fornaris v. American Surety Co. of New York, supra.*

 Eaton argues that even if the Matascone claimants received testamentary letters from an Italian court, they would be without capacity to sue under the federal wrongful death statutes absent their procurement of ancillary letters of administration from the New York County Surrogate's Court. This contention is clearly without merit. *See Briggs v. Pennsylvania R. Co., supra; Iafrate v. Compagnie Generale Transatlantique,* 106 F.Supp. 619, 622 (S.D.N.Y.1952) (Weinfeld, J.); *Feliu v. Grace Line, Inc.,* 97 F.Supp. 441 (S.D.N.Y. 1951) (Coxe, J.). In *Feliu,* for example, the court expressly held that a properly appointed foreign administrator from Honduras need not obtain ancillary letters of administration from a New York court before proceeding with a wrongful death action under the Jones Act in federal court. Simi-

larly here, no such ancillary letters are needed. Moreover, Eaton's citation to the case of *C. V. Seawitch,* 1976 A.M.C. 2498 (S.D.N.Y.) (Tenney, J.), in support of its position is inapposite. That case also recognized the general rule that a foreign administrator suing on federal statutory causes of action need not obtain ancillary letters of administration in the New York courts. *Id.* at 2500. The *Seawitch* court did require the domiciliary administrator to go into the state court to procure ancillary letters, however, because he sought recovery for pain and suffering under the New York wrongful death statute. No such recovery is sought here. Consequently, the Italian administrator of the Matascone estate need not seek ancillary letters of administration in the New York courts before prosecuting his federal causes of action in this court.

The Second Circuit recognized that conflicts might arise where both a domiciliary and an ancillary administrator are appointed to prosecute wrongful death claims; but it also recognized that these conflicts would "not be beyond just settlement." *Briggs v. Pennsylvania R. Co., supra,* 153 F.2d at 843. In the present case, the relatives of the deceased have designated a law firm to represent their interests and that firm filed a claim on their behalf more than one month prior to the entry of the Public Administrator into this action. The Public Administrator, though duly appointed by the Surrogate's Court of New York, has no equitable claim as to why he should represent the interests of the statutory beneficiaries of the deceased, rather than one of the deceased's surviving relatives. The "just settlement" which is called for in this case is to allow one of the Matascone claimants to obtain proper authorization from an Italian court so as to qualify as a "personal representative" of the deceased within sixty days from the filing of this order and to then permit him to proceed with the federal wrongful death actions on behalf of the Matascone claimants. *Cf. Landry v. Two R. Drilling Co., supra,* 511 F.2d at 141 n.2. Consequently, upon a proper showing to this court, within the specified sixty day period, that one of the Matascone claimants

has been designated by an Italian court to represent the estate of the deceased, Franco Matascone, that representative will be permitted to go forward and prosecute this action on behalf of all the Matascone claimants, and Due Dodson will be confirmed as his proper legal representative.

IT IS SO ORDERED.